IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-cr-20067-02 |
| | ) | |
| TERENCE E. MERRITT, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court are Defendant Terence Merritt's pro se motion (d/e 106) and amended motion for compassionate release (d/e 108) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motions are DENIED.

### I. BACKGROUND

On December 14, 2006, Defendant entered a plea agreement (d/e 13) in which he pled guilty to Counts One and Two of the Indictment (d/e 7). Count One charged Defendant with kidnapping, in violation of 18 U.S.C. § 1201. Count Two charged Defendant with using a firearm during a violent crime, in violation of 18 U.S.C.

§ 924(c).  On May 2, 2007, the Court sentenced Defendant to 240 months' imprisonment on Count One and 120 months' imprisonment on Count Two, to be served consecutively. See d/e 26.  The Court also imposed a five-year term of supervised release on each count, with the terms to run concurrently. See id. On December 6, 2019, the Court granted Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and vacated Defendant's conviction on Count Two and ordered a resentencing hearing.  See Case No. 18-cv-02305, d/e 10.  On January 30, 2020, Defendant was resentenced to 216 months' imprisonment on Count One, to be followed by a five-year term of supervised release.  See d/e 102.

Defendant is currently incarcerated at FCI Greenville and has a projected release date of January 16, 2022.  As of October 9, 2020, the Bureau of Prisons (BOP) reports that FCI Greenville currently has 35 confirmed cases of COVID-19.  See BOP: COVID-19 Update, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed October 9, 2020).  The BOP also reports that an additional 95 individuals at FCI Greenville who contracted COVID-19 have recovered.  Id.  None of the inmates or staff at FCI

Greenville who have contracted COVID-19 have died.  Id.

Defendant proposes to live with his grandmother if released from custody.  The United States Probation Office, in a Memorandum (d/e 109) addressing Defendant's request for compassionate release, concludes that Defendant's grandmother's house is a suitable residence for Defendant.

On August 25, 2020, Defendant filed a pro se motion for compassionate release (d/e 106) pursuant to 18 U.S.C. § 3582(c)(1)(A).  On August 10, 2020, following the appointment of the Federal Public Defender's Office to represent Defendant, an amended Motion for Compassionate Release (d/e 108) was filed. Defendant requests compassionate release in order to care for his grandmother, who suffers from a number of health issues.

On September 3, 2020, the Government filed a Response to Defendant's Motion for Sentence Reduction to Time Served (d/e 110).  The government argues that the Court should deny Defendant's compassionate release motion because Defendant's desire to care for his grandmother does not rise to the level of an "extraordinary and compelling reason" warranting a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194. Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief. With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate's request was received by the BOP, whichever is earlier. The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to

appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Application Note 1 to Section 1B1.13 of the U.S. Sentencing Guidelines Manual provides a list of specific circumstances that constitute "extraordinary and compelling reasons" for a sentence reduction. This list includes the following "Family Circumstances":

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

U.S.S.G. § 1B1.3, cmt. n. 1(C).

Defendant argues that family circumstances involving an ill family member in need of care can constitute "extraordinary and compelling reasons" even if the family relationship is not the

spousal or parent-child relationship specifically contemplated by the Sentencing Guidelines. See d/e 108 p. 3–4. In support of this contention, Defendant cites United States v. Reyes, 2020 WL 1663129 * 5 (N.D.Ill. April 3, 2020), where a defendant was granted compassionate release in order to care for his terminally ill aunt.

The Government, in its turn, argues that the desire to care for a sick grandparent can never be an "extraordinary and compelling reason" warranting a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) because the list of specific "extraordinary and compelling" reasons provided in U.S.S.G. § 1B1.13 cmt. n. 1(A–C) is exhaustive unless the Director of the Bureau of Prisons determines otherwise. See d/e 110 p. 12–13.

Section 1B1.13 of the Sentencing Guidelines has not been updated to reflect the First Step Act's amendment to 18 U.S.C. § 3582(c)(1)(A). As it stands, § 1B1.13 refers to a reduction "upon the motion of the Director of the Bureau of Prisoners," and no existing policy statement provides guidance for when a defendant files a motion with the court. In light of this, some district courts have concluded that "discretion to identify other extraordinary and compelling reasons" for compassionate release than those listed in

the Sentencing Guidelines now lies with the courts. <u>United States v. Fox</u>, No. 2:14–CR–03–DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019); <u>see United States v. Baker</u>, No. 10-20513, 2020 WL 469594, at *2 (E.D. Mich. Aug. 13, 2020) ("[A] majority of district courts have concluded that although the outdated policy statement provides helpful guidance, it does not constrain the Court's independent assessment of whether extraordinary and compelling reasons warrant a sentence reduction.")  (citations omitted).  Other courts have held that Section 1B1.13 continues to provide binding, applicable guidance and that courts have no discretion to consider alternative extraordinary and compelling reasons for compassionate release. <u>See United States v. Martin</u>, No. 09-CR-40037-JPG-1, 2020 WL 4464430, at *4 (S.D. Ill. Aug. 4, 2020).

Because the Court does not find, after considering the relevant factors set forth in 18 U.S.C. § 3553(a), that Defendant has presented "extraordinary and compelling" reasons warranting a sentence reduction, it is not necessary to reach the issue of the Court's discretion to consider reasons other than those provided by the Sentencing Guidelines.  This Court recently re-sentenced Defendant after a holistic consideration of the § 3553(a) factors, and

circumstances have not so changed in the last eight months that a further reduction in Defendant's sentence is warranted.

In <u>United States v. Reyes</u>, the court observed that the defendant's age (50) made it much less likely that he would reoffend, that the length of the defendant's original sentence was excessive, and that the defendant had not physically harmed anyone during his initial crime. <u>Reyes</u>, 2020 WL 1663129, at *4. Mr. Merritt is only 32, the offense for which he is imprisoned was a violent kidnapping, and he recently had his sentence reduced well below the guideline range.

Defendant claims that the COVID-19 pandemic has made it more difficult for his aunt and father to provide Defendant's ailing grandmother with the care and assistance that she needs. The spread of COVID-19 has presented extraordinary and unprecedented challenges for families across the country, and the Court is sympathetic to the situation of Defendant's grandmother. But having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in his term of imprisonment.

## III. CONCLUSION

For the reasons set forth above, Defendant Terence Merritt's Amended Motion for Compassionate Release (d/e 108) and Defendant's pro se motion for compassionate release (d/e 106) are DENIED.

ENTER: October 9, 2020

*/s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE